UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. ERMA LAYMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-00864 |
| | ) | |
| THE METROPOLITAN | ) | |
| GOVERNMENT OF NASHVILLE AND | ) | |
| DAVIDSON COUNTY, TENNESSEE | ) | |
| d/b/a METROPOLITAN NASHVILLE | ) | |
| PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is Dr. Erma Laymon's second lawsuit alleging that her employer, the Metropolitan Nashville Public School System ("Metro School") retaliated by not selecting her for a new position in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. The Court dismissed her first lawsuit. She continued unsuccessfully to seek a new position, leading to this second lawsuit. After completion of discovery, Metro School again seeks dismissal through a motion for summary judgment that Laymon opposes. (Doc. Nos. 44, 50, 56). The Court will again dismiss her case.

### I.

Dr. Laymon has been a Metro School employee for over 30 years, and, for at least the last eight years, has been an assistant principal. She has long desired to move to another position as an executive principal or an assistant principal in another school. After unsuccessfully applying for multiple positions, she filed two charges of discrimination with the Equal Employment Opportunity Commission in April 2018 and March 2019. When the EEOC issued a right to sue

letter on the first charge, she filed a lawsuit alleging discrimination and retaliation, which was dismissed with prejudice when she did not oppose the motion. (Laymon I, Case No. 3:19-cv-00986, Doc. No. 18). She continued to apply for multiple positions after the dismissal and received a right to sue letter on her second charge in August 2020. This lawsuit followed challenging Metro School's rejection of her applications for multiple positions because she believes Metro School retaliated against her due to her two prior charges of discrimination.

Her complaint identifies the specific positions she believes reflect Metro School's retaliation. Paragraph 28 of the Second Amended Complaint reads as follows:

28. Plaintiff has applied for the following jobs within MNPS (Metro School) in 2020:

**Jobs Applied for 2020-2021 School Year by Erma Laymon** **Principal Assistant ES - School Year 2020-21** -
**Nashville-Southwest-Waverly-Belmont Elementary**
**Job Number: 20001889**
**Job Status: Accepting Job Submissions**
**Submission Status:**
**Under Review**
**– Updated: Apr 17, 2020**
**View/Edit Submission**
**|View Email Messages|Withdraw**

**Principal ES - Shwab - School Year 2020-21** -
**Nashville-Southwest-Shwab Elementary**
**Job Number: 20001941**
**Job Status: Accepting Job Submissions**
**Submission Status:**
**Under Review**
**– Updated: Apr 17, 2020**
**View/Edit Submission**
**|View Email Messages|Withdraw**

**Principal ES - School Year 2020-21** -
**Nashville-Northwest-Cumberland Elementary**
**Job Number: 20002096**
**Job Status: Accepting Job Submissions**
**Submission Status:**
**Under Review**
**– Updated: Apr 16, 2020**

**View/Edit Submission
|View Email Messages|Withdraw**

**Principal ES - Pool - (Received 2 emails about this)
Nashville-Central Office
Job Number: 20001570
Job Status: Accepting Job Submissions
Submission Status:
Under Review
– Updated: Apr 16, 2020
View/Edit Submission**

**|Assistant Principal (school Year 2020-21
Big Picture Nashville High School
May 6, 2020**

**Principal ES - A.Z. Kelley - School Year 2020-21** -
Antioch-Southeast-A. Z. Kelley Elementary
**Job Number: 20001783
Job Status: Accepting Job Submissions
Submission Status:
Under Review
– Updated: Apr 10, 2020
View Submission
|View Email Messages|Withdraw**

**Principal ES - Haywood - School Year 2020-21 -
Nashville-Southwest-Haywood Elementary
Job Number: 20001781
Job Status: Accepting Job Submissions
Submission Status:
Under Review
– Updated: Apr 10, 2020
View Submission
|View Email Messages|Withdraw**

**Principal Assistant HS - Academic SY 2020-2021 (assistant principal-Fall)** -
Nashville-Northwest-Hume-Fogg High
Job Number: 20001393
Job Status: Filled
Submission Status:
Not Selected
– Updated: Feb 24, 2020
View Submission
|View Email Messages

3

Principal ES - Granberry
-
Brentwood-Southwest-Granbery Elementary
Job Number: 20003396
Job Status: Filled
Submission Status:
Not Selected
– Updated: Jul 13, 2020
View Submission
|View Email Messages

Principal Assistant HS 2020-2021
-
Nashville-Southwest-John Overton High
Job Number: 20003673
Job Status: Filled
Submission Status:
Not Selected
– Updated: Jul 6, 2020
View Submission
|View Email Messages

Principal Assistant HS 2020-2021
-
Nashville-Northeast-McGavock High
Job Number: 20002447
Job Status: Filled
Submission Status:
Not Selected
– Updated: Jun 29, 2020
View Submission
|View Email Messages

Principal ES - Stanford
-
Nashville-Northeast-Stanford Elementary
Job Number: 20003624
Job Status: Accepting Job Submissions
Submission Status:
Under Review
– Updated: Jun 25, 2020
View Submission
|View Email Messages|Withdraw

Principal MS
-
Nashville-Southwest-West End Middle
Job Number: 20003409
Job Status: Filled
Submission Status:
Not Selected

– Updated: Jun 25, 2020
View Submission
|View Email Messages

Principal ES - Pool
-
Nashville-Central Office
Job Number: 20001570
Job Status: Closed
Submission Status:
Not Selected
– Updated: Jun 24, 2020
View Submission
|View Email Messages

Principal Non Traditional School Virtual School
-
Nashville-Southwest-MNPS Virtual
Job Number: 20003120
Job Status: Filled
Submission Status:
Not Selected
– Updated: Jun 16, 2020
View Submission
|View Email Messages

Principal Assistant HS 2020-2021
-
Antioch-Southeast-Antioch High
Job Number: 20002681
Job Status: Filled
Submission Status:
Not Selected
– Updated: Jun 15, 2020
View Submission
|View Email Messages

Principal Assistant ES - School Year 2020-21
-
Nashville-Southwest-Waverly-Belmont Elementary
Job Number: 20001889
Job Status: Filled
Submission Status:
Not Selected
– Updated: Jun 10, 2020
View Submission
|View Email Messages

Principal ES - Robert E. Lillard - School Year 2020-21
-
Nashville-Northwest-Robert E. Lillard Elementary
Job Number: 20002098
Job Status: Closed
Submission Status:
Not Selected
– Updated: Jun 3, 2020
View Submission
|View Email Messages

(Doc. No. 31, Second Amended Complaint ("Am. Compl.") ¶¶ 20, 26, 28).

## II.

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003) (citation omitted). "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case." Id. (citation and internal quotation marks omitted).

Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case" where that party "will bear the burden of proof at trial." Celotex, 477 U.S. at 322. If the moving party meets its initial burden, the non-moving party must then set forth specific facts showing a genuine dispute for trial. Pittman v. Experian Info. Sols., Inc., 901 F.3d 619, 627–28 (6th Cir. 2018) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The non-moving party must "produce evidence that results in a conflict of material fact to be solved by a jury." Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

## III.

Although her Second Amended Complaint alleges a single cause of action under Title VII, Laymon also attempts to rely upon 42 U.S.C. § 1981. (Am. Compl. at 2, n.2). Her reliance on § 1981 must be rejected as a matter of law because there is no independent cause of action against Metro School under that statute. Arendale v. City of Memphis, 519 F.3d 587, 594 (6th Cir. 2008); Grant v. Metro Gov't of Nashville & Davidson County, No. 3:04-cv-00630, 2017 U.S. Dist. LEXIS 213764 at 1 n.1 (M.D. Tenn. October 5, 2017). Metro School is therefore entitled to summary judgment on Laymon's § 1981 claim.

Summary judgment is also required on Laymon's Title VII claim. Summary judgment is proper because Laymon has failed to present admissible evidence of an essential element of her retaliatory failure to hire claims – whether the decision-makers had knowledge of her protected activity. Without such evidence, she cannot establish causation between her protected activity and Metro School's decision not to hire her to another position, which is fatal to her retaliation claims.

Laymon offers no direct evidence of retaliation by Metro School, so to prevail at trial she must present circumstantial evidence of retaliation. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To do so, Laymon must establish a prima facie case of retaliation; then Metro School must articulate a legitimate, nonretaliatory reason for its actions; and then Laymon must prove that Metro School's reasons were a pretext for retaliation. Rogers v. Henry Ford Health Sys., 897 F.3d 763, 772 (6th Cir. 2018). Laymon's prima facia case requires admissible evidence that: (1) she engaged in a protected activity; (2) Metro School's decision-makers knew of her protected activity; (3) Metro School took an adverse employment action; and (4) a causal connection existed between her protected activity and Metro School's adverse action. Id. at 763. There is no admissible evidence on the third element from which a jury could find in her favor.

7

The summary judgment evidence, Laymon's Response to Metro School's Statement of Undisputed Material Facts Supporting its Motion for Summary Judgment (Doc. No. 52) and Metro School's Response to Laymon's Additional Statement of Undisputed Material Facts (Doc. No. 57) is dispositive. Those documents offer no evidence, for any of the positions she sought, that any decision-maker had any knowledge of Laymon's protected activity - her two EEOC charges. To the contrary, Laymon's response to items one and two of the Statement of Undisputed Material Facts state that Laymon was in fact not aware that any person at Metro School with hiring authority had any knowledge of her two EEOC charges. (Doc. No. 52 ¶¶ 1–2).

Laymon's responses read as follows:

1. Plaintiff told no one at MNPS with hiring authority for any position she applied for that she had filed EEOC Charge 494-2018-01280 ("EEOC Charge 1"). (Deposition of Erma Laymon at 32:20—34:21, excerpts attached as Exhibit 1.)

    **RESPONSE: AGREED** that was Plaintiff's response to the question asked. Plaintiff DENIES if this statement implies "no one at MNPS with hiring authority" or no one in the "hiring process" had no knowledge of Plaintiff's EEOC complaint. (Exhibit 9, pp. 143-144; Exhibit 8)

2. Plaintiff told no one at MNPS with hiring authority for any position she applied for that she had filed EEOC Charge 494-2018-02589 ("EEOC Charge 2"). (*Id*. at 38:24—39:7.)

    **RESPONSE: AGREED** this was her response to the specific question asked. Plaintiff DENIES any implication that "no one at MNPS with hiring authority for any position [Plaintiff] applies for" had no knowledge of the EEOC Charge 494-2018-02589. (Exhibit 8, Exhibit 9).

(Id.). And, her citation to Exhibit 8 (Doc. No. 50-8) and Exhibit 9 (Doc. No. 50-9) in no way provide admissible evidence at trial of either the specific decision-maker for each position that Laymon sought or that he or she in fact had direct or indirect knowledge of her protected activity.

Indeed, there is a void of deposition citations or declarations from Laymon or others with personal knowledge to permit the Court to infer that any Metro School decision-maker for any

8

position had knowledge of her protected activity. See Mulhall v. Ashcroft, 287 F.3d 543, 551 (6th Cir. 2002) (affirming summary judgment in favor of defendant where plaintiff failed to rebut testimony that decision-makers were unaware of plaintiff's protected activity before any adverse action); Fenton v. HiSAN, 174 F.3d 827, 832 (6th Cir. 1999) (finding that plaintiff failed to satisfy her burden to show that "her protected activity was known to those who" made an allegedly adverse employment decision). Without such evidence, Laymon fails to establish how any reasonable juror could conclude that any decision-maker had knowledge of her protected activity when she was rejected for a position.

When the Court examines the positions that Laymon identified at her deposition, she still fails to carry her burden to present evidence of the specific decision-maker or that he or she knew about her protected activity. See Mulhall, 287 F.3d at 551; Fenton, 174 F.3d at 832. In fact, the evidence proves the opposite.

### 2020 McGavock High School Assistant Principal

According to Metro School, Mr. Robbin Wall was the hiring manager for the McGavock High School assistant principal position. (Ayers Decl., Doc. No. 56-1 ¶ 9). Wall testified that he was "unaware that Dr. Laymon had engaged in any protected activity as contemplated in 42 U.S.C. § 2000e-3 *et seq*." (Wall Decl., Doc. No. 46-6 ¶ 7). Laymon objects to the Court's consideration of Wall's declaration because Metro School did not identify him in its Rule 26 disclosures. (Doc. No. 50 at 5–6). But Metro School did so when it determined that Wall was the hiring manager for this position. (Doc. No. 56-1 ¶ 9). In any event, there is no Federal Rule of Civil Procedure 56(d) affidavit of missing relevant evidence to oppose Metro School's motion. Further, Laymon neither requested an extension of the discovery deadline to take his deposition or to conduct other discovery. See Rodgers v. Monumental Life Ins. Co., 289 F.3d 442, 451 (6th Cir. 2002) (granting

summary judgment based on testimony violating Rule 26(a) may be upheld if the violation was harmless). In fact, it appears that Laymon took no depositions at all in this case. (Doc. No. 56-1 ¶ 14). Because Laymon has the burden at trial to present evidence that a decision-maker in fact had knowledge of her protected activity, summary judgment is warranted.

2020 Waverly Belmont Elementary School Assistant Principal

Ms. Robin Shumate was the hiring manager when Laymon applied for the Waverly Belmont assistant principal position. (Doc. No. 56-1 ¶ 9). Like Wall, Shumate was not aware of any protected activity by Laymon during the hiring process. (Shumate Decl., Doc. No.46-7 ¶ 7). Laymon's objection that Shumate was not identified in its Rule 26 disclosure is explained by Metro School. (Doc. No. 50 at 5–6). And even after Laymon learned of Shumate, she did not seek to depose her and offers no Rule 56(d) affidavit. (See Doc. No. 56-1 ¶ 14);

2020 Haywood Elementary School Executive Principal and 2020 West End Middle School Executive Principal

The Metro Superintendent of Schools, Dr. Shawn Joseph, was the hiring manager for all executive principal positions, including at Haywood Elementary School and West End Middle School. Laymon admits that she never told Joseph or his successor, Adrienne Battle about her EEOC charges. (Doc. No. 45-1 at 46:2–47:2, 77:22–78:22). Instead, Laymon asserts that Joseph or Battle nonetheless had knowledge because "people talk," and that, although she "didn't hear anybody say" they knew anything, school officials "sometimes . . . get wind of" thing going on." (Id. at 75:15–76:4). But, as the Sixth Circuit has repeatedly found, such speculation is legally insufficient to establish a genuine dispute of material fact. See Mulhall, 287 F.3d at 552 (finding that where a decisionmaker denies having knowledge of an alleged protected activity, the plaintiff must do more than "offer[] only conspirational theories . . . or flights of fancy, speculations, hunches, intuitions, or rumors"); Proffitt v. Metropolitan Government of Nashville and Davidson

Cty., Tenn., 150 F. App'x 439, 443 (6th Cir. 2005) (rejecting as too speculative plaintiff's argument that Metro School had knowledge of protected activity through a string of inferences). Again, Laymon failed to depose Joseph or Battle. (See Doc. No. 56-1 ¶ 14).

<u>2021 McGavock High School Assistant Principal</u>

Laymon does not identify a decision-maker for the 2021 McGavock High School assistant principal position, let alone point to evidence that the decision-maker knew of her EEOC charges.

Laymon's retaliatory work environment claim fails for the same reasons. (Am. Compl. ¶¶ 43, 53; see also Doc. No. 45-1 at 105:1–114:25). To establish such a claim, Laymon must again offer admissible evidence from which a reasonable juror could conclude that a decision-maker had knowledge of her protected activity and that such activity was "the likely reason" for Metro School's failure to hire her. Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 596 (6th Cir. 2007). Laymon fails to do so.

Dismissal is also required for all positions she sought prior to dismissal of Laymon I on March 10, 2020 under the doctrine of res judicata. Res judicata prohibits relitigation when there is: "(1) a final decision on the merits; (2) a subsequent action between the same parties; (3) an issue in the subsequent action that was litigated or should have been litigated; and (4) an identity of the causes of action." Browning v. Levy, 283 F.3d 761, 771 (6th Cir. 2002). Here, all four elements are satisfied. (Doc. No. 50-7 at 2; Am. Compl. ¶¶ 20, 26). This Court decided Laymon I on the merits when it dismissed the lawsuit under Federal Rule of Civil Procedure for failure to timely respond. Each action involves identical parties: Laymon and Metro School. (Am. Compl. at 1; Laymon I, Doc. No. 14 at 1). Each action raised the same issue: retaliation by Metro School. There is an identity of the causes of action because the "claims arose out of the same transaction," "series of transactions," or "operative facts," Winget v. JP Morgan Chase Bank, 537 F.3d 565, 580

(6th Cir. 2008), her continual quest for another Metro School position.

For the reasons discussed above, the Court will grant Metro School's Motion for Summary Judgment, (Doc. No. 44), and this case will be dismissed.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE